Jeanne **JOSHICO**, Frankie Nelson Oroh,* Petitioners,

v.

Michael B. **MUKASEY**, Attorney General of the United States,** Respondent.

No. 07–3437–ag.

United States Court of Appeals, Second Circuit.

Oct. 31, 2008.

---

* Although Oroh was not named on the petition for review, this appears to have been an oversight as he is named on various other submissions filed in this Court. Accordingly, he is included here as a petitioner. The Clerk's office is directed to amend the official caption.

** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Yan Wang, New York, NY, for Petitioners.

Gregory G. Katsas, Assistant Attorney General, Civil Division, Leslie McKay, Assistant Director, Thankful T. Vanderstar, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. ROGER J. MINER, and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Jeanne Joshico and Frankie Nelson Oroh, natives and citizens of Indonesia, seek review of a July 24, 2007 order of the BIA denying their motion to reopen removal proceedings. *In re Jeanne Joshico, Frankie Nelson Oroh,* Nos. A96 262 260/261 (B.I.A. July 24, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006); *Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

■■■ As an initial matter, we find that Joshico [1] has waived any argument that: (1) the BIA abused its discretion in taking administrative notice of the 2006 U.S. Department of State Country Report for Indonesia; and (2) the evidence she submitted establishes a pattern or practice of persecution of Christians by Muslim extremists in Indonesia. A petitioner's attorney must "include his most cogent arguments in his opening brief, upon pain of otherwise finding them waived." *McCarthy v. SEC,* 406 F.3d 179, 186 (2d Cir.

---

1. Because Joshico was the lead applicant throughout the administrative proceedings, she alone is referred to in this order.

2005). Here, Joshico's brief makes bald assertions without any evidentiary support, and her "argument" regarding administrative notice is contained only in a heading. *Id.* Accordingly, because we do not find that manifest injustice would result if we decline to reach the issues noted above, we deem them waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).[2] While the balance of Joshico's brief suffers from similar problems, we will consider her assertion that the BIA erred in finding that she did not demonstrate changed country conditions. We conclude, however, that her argument is without merit.

The Immigration and Nationality Act ("INA") provides that an individual must file a motion to reopen within ninety days of the issuance of a final administrative order of removal. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); *see also* 8 C.F.R. § 1003.2(c)(2). This limitation, however, does not apply when the motion to reopen is filed in order to apply for asylum or withholding of removal based on materially changed country conditions. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). Here, it is undisputed that Joshico's motion was untimely. Joshico argues, however, that she established changed circumstances in Indonesia, and that "[t]he BIA's wholesale dismissal of all her documents as not probative[,] devoid of any explanation of such dismissal is capricious, arbitrary and constitutes grave abuse of discretion." Yet Joshico does not point to any record evidence demonstrating that circumstances in Indonesia have changed sufficiently since her hearing before the IJ to warrant the reopening of her proceedings as required by 8 C.F.R. § 1003.2(c)(3)(ii). Accordingly, we cannot conclude that the BIA abused its discretion in denying her motion to reopen.

2. Because we find that attorney Yan Wang's brief in this case is seriously deficient, we will

For the foregoing reasons, the petition for review is DENIED.

forward our order to this Court's Grievance Panel.