**BING LI, a/k/a Li Bin, a/k/a Bin Li, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General of the United States, Respondent.**

No. 07–5466–ag.

United States Court of Appeals, Second Circuit.

June 20, 2008.

Yan Wang, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division; Barry J. Pettinato, Assistant Director; Robbin K. Blaya, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROBERT D. SACK, Hon. ROBERT A. KAZTMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner Bin Li, a native and citizen of the People's Republic of China, seeks review of a November 7, 2007 order of the BIA affirming the February 6, 2006 decision of Immigration Judge ("IJ") Robert D. Weisel denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bin Li,* No. A 98 721 810 (B.I.A. Nov. 7, 2007), *aff'g* No. A 98 721 810 (Immig. Ct. N.Y. City, Feb. 6, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We need not reach the merits of the agency's adverse credibility determination, because Li failed to challenge that determination sufficiently in his brief to this Court. Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Li's counseled brief fails to address two of the three findings made by the IJ in support of his adverse credibility determination. Instead, Li challenges only the IJ's finding that it was implausible for the authorities not to have questioned his parents regarding the Falun Gong materials found in their home. That argument is insufficient to challenge the entirety of the agency's adverse credibility determination where, even if Li's only argument had merit (a finding we do not make), we would deny the petition on the strength of the unchallenged findings.* Because addressing the unchallenged aspects of the agency's adverse credibility determination does not appear to be necessary to avoid manifest injustice, we deem any such arguments abandoned. *See id.* Moreover, because the adverse credibility determination was dispositive of Li's application for relief, we deny the petition for review.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

---

* We note that the IJ properly observed that Li testified inconsistently regarding whether he fled from police while he was passing out materials. *See, e.g., Majidi v. Gonzales,* 430 F.3d 77, 80 (2d Cir.2005).