SUMMARY ORDER

Petitioner Xiu Ming Wu, a native and citizen of the People’s Republic of China, seeks review of a March 17, 2008 order of *401 the BIA affirming the June 2, 2006 decision of Immigration Judge (“IJ”) Joanna Miller Bukszpan, denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Xiu Ming Wu, No. A95 687 917 (B.I.A. Mar. 17, 2008), aff'g No. A95 687 917 (Immig. Ct. N.Y. City Jun. 2, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
When the IJ’s decision rests on multiple alternate grounds and the BIA adopts and affirms that decision without expressly addressing each of the grounds, we may review the entire IJ decision and need not confine our review to the grounds expressly addressed by the BIA. See Ming Xia Chen v. BIA, 435 F.3d 141, 144 (2d Cir.2006). However, because it is unclear whether the BIA affirmed the IJ’s credibility determination, we assume Wu’s credibility for the purposes of adjudicating the petition. See Yan Chen v. Gonzales, 417 F.3d 268, 271-72 (2d Cir.2005); 8 U.S.C. § 1158(b)(1)(B)(iii). We review the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. See, e.g., Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
Upon our review of the record, we conclude that the BIA did not err in finding that Wu failed to establish her eligibility for relief. Under 8 U.S.C. § 1101(a)(42), an applicant is required to demonstrate that any past persecution or a well-founded fear of persecution is on account of his or her race, religion, nationality, political opinion, or particular social group. See also 8 U.S.C. § 1158(b)(l)(B)(i). While Wu argues that the BIA erred in affirming the IJ’s finding that her claim did not fall within one of the protected grounds, she fails to articulate in her brief under which protected ground her claim falls and why.
Even if we were to assume that Wu claims that she suffered and continues to fear persecution on account of her political opinion — namely, her opposition to a local government official’s corruption — her claim fails. Where a petitioner claims to have been persecuted or to fear persecution based on her opposition to corruption, to determine whether such opposition constitutes political opinion this Court must address “whether the applicant’s actions were directed toward a governing institution, or only against individuals whose corruption was aberrational, and whether the persecutor was attempting to suppress a challenge to the governing institution, as opposed to a challenge to isolated, aberrational acts of greed or malfeasance.” Yueqing Zhang, 426 F.3d at 548 (citation and internal quotation marks omitted). The petitioner must also present some evidence regarding the persecutor’s motives, and that evidence must demonstrate that the persecutor was motivated, at least in part, by the petitioner’s political beliefs. See Osorio v. INS, 18 F.3d 1017, 1025 (2d Cir.1994). Here, it is apparent that Wu’s opposition was directed at the actions of a corrupt local official, rather than the institution as a whole. Accordingly, Wu failed to demonstrate a nexus to a protected ground. See 8 U.S.C. § 1101(a)(42). Because Wu was unable to establish eligibility for asylum, she was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
Finally, because Wu fails to challenge the BIA’s denial of her CAT claim before this Court, and because addressing this argument does not appear to be necessary to avoid manifest injustice, we deem any such argument waived. See Yueqing *402 Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. Procedure 34(a)(2), and Second Circuit Local Rule 34(b).