SUMMARY ORDER

Yan Zhen Ya, a native and citizen of the People’s Republic of China, seeks review of an August 8, 2008 order of the BIA, affirming the July 26, 2006 decision of Immigration Judge (“U”) Sandy Horn, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Yan Zhen Ya, No. A098 255 778 (B.I.A. Aug. 8, 2008), aff'g No. A098 255 778 (Immig. Ct. N.Y. City July 26, 2006). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
Having reviewed Ya’s brief, we need not review the merits of the agency’s denial of her applications for asylum and withholding of removal because, as the government argues, Ya has abandoned any challenge to the agency’s dispositive nexus finding. Issues not sufficiently argued in the briefs are considered abandoned and normally will not be addressed on appeal in the absence of manifest injustice. See Anderson v. Branen, 27 F.3d 29, 30 (2d Cir.1994). In her brief, Ya challenges the agency’s adverse credibility determination, but she does not challenge the agency’s alternative finding that she failed to demonstrate a nexus between any harm she suffered or feared and a protected ground. Because asylum and withholding of removal require that any harm suffered or feared be on account of the applicant’s race, religion, nationality, political opinion, or particular social group, the agency’s unchallenged finding that Ya failed to demonstrate such a nexus stands as a valid basis for the agency’s denial of her applications for asylum and withholding of removal. See 8 U.S.C. § 1101(a)(42); see also 8 C.F.R. § 208.16(b)(1).
*707 We also note that Ya has abandoned any challenge to the agency’s denial of CAT relief because her single conclusory sentence that her case should be remanded for consideration of her application for said relief is insufficient to raise such a challenge. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 545 n. 7 (2d Cir.2005).
Finally, we find that the record does not support Ya’s argument that the IJ exhibited bias in denying her applications for relief.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).