07-9054-am
In re Gell

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of May, two thousand twenty.

PRESENT:

> José A. Cabranes,
> Robert D. Sack,
> Richard C. Wesley,
> > *Circuit Judges.*

---

In re Amy Gell, also known as
Amy Lauren Nussbaum,[1]                                     07-9054-am

                         Attorney.                          ORDER OF
                                                            GRIEVANCE PANEL

---

FOR AMY GELL:          Hal R. Lieberman, Esq., Emery Celli Brinckerhoff & Abady
                       LLP, New York, New York.

---

[1] Gell is admitted to the bars of New York State and this Court as Amy Lauren Nussbaum. She has used the names Amy Nussbaum Gell and Amy Lauren Nussbaum Gell in this Court.

This Court's Committee on Admissions and Grievances (the "Committee") has recommended that Amy Gell be disciplined for her misconduct in this Court and that she be permitted to voluntarily withdraw from the bar of this Court. Gell does not object to those recommendations. Upon due consideration, it is hereby **ORDERED, ADJUDGED, AND DECREED** that Amy Gell be and hereby is **PUBLICLY REPRIMANDED** for engaging in conduct unbecoming a member of the bar. It is further **ORDERED** that Gell is granted leave to voluntarily withdraw from the Court's bar.

## I. Overview and Summary of Proceedings

Gell was admitted to the New York State bar in 1987, and to this Court's bar in 2006. In 2010, she was publicly reprimanded by this Court, primarily for "fail[ing] to comply with the Court's scheduling orders, resulting in the dismissal of a substantial number of cases." *In re Gell*, No. 07-9054-am, 2010 WL 4942215, at *1 (2d Cir. Dec. 7, 2010) (summary order).

In August 2017, Gell was again referred to this panel, based on her defaults in additional cases in this Court. After ordering Gell to address the new defaults and considering her response, we referred her to the Committee for further investigation of her conduct in both this Court and a federal immigration agency, and for preparation of a report on whether she should be subject to disciplinary or other corrective measures. During the Committee's proceedings, Gell had the opportunity to address the matters discussed in our referral order and to testify under oath at a hearing held before Committee members Paul C. Curnin, Terrence M. Connors, and the Honorable Howard A. Levine. Thereafter, the Committee filed with the Court the record of the Committee's proceedings and its report and recommendations.

In its report, the Committee found clear and convincing evidence that Gell had engaged in a pattern of misconduct warranting the imposition of discipline, primarily based on her failure to timely

2

file required documents in over 40 appeals, resulting in dismissal of six appeals. *See* Report at 5-11, 13-14. After considering several mitigating and aggravating factors, *id.* at 11-14, the Committee recommended that Gell be publicly reprimanded and that she be permitted to voluntarily withdraw from the bar of this Court, *id.* at 14-15.

In response to the Committee's report, Gell states "that she does not object to any aspect of the Committee's findings with respect to her appellate practice before the Second Circuit," or to its recommendation on discipline, or to its recommendation that she be permitted to voluntarily withdraw from the Court's bar. Response at 1, 5-6. However, Gell disagrees with the Committee's determination that her conduct before the immigration agency demonstrates that there is a pattern of misconduct that goes beyond her practice in this Court. *Id.* at 3-5, 6.

## II. Discussion

"We give 'particular deference' to the factual findings of the Committee members who presided over an attorney-disciplinary hearing where those findings are based on demeanor-based credibility determinations, and 'somewhat lesser deference' to credibility findings based on an analysis of a witness's testimony." *In re Gordon*, 780 F.3d 156, 158 (2d Cir. 2015). "The Committee members who preside over a hearing are 'in the best position to evaluate a witness's demeanor and tone of voice as well as other mannerisms that bear heavily on one's belief in what the witness says.'" *Id.* (quoting *Donato v. Plainview-Old Bethpage Cent. Sch. Dist.*, 96 F.3d 623, 634 (2d Cir. 1996)). In general, the credibility determinations of the presiding Committee members will not be overruled unless they are clearly erroneous. *Id.* "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *United States v. Murphy*, 703 F.3d 182, 188 (2d Cir. 2012).

We accept the Committee's credibility determinations and its other factual findings, as they are not clearly erroneous. While we also accept the Committee's recommended disposition, a public

reprimand, we note that Gell's new misconduct in this Court would ordinarily warrant a period of suspension. The misconduct covered by the present proceeding cannot be viewed in isolation; it comes after Gell was previously reprimanded by this Court for similar misconduct. Gell's failure to fully heed the warning provided by that prior public reprimand is a significant aggravating factor. However, we agree that the mitigating factors discussed by the Committee are strong enough that a public reprimand should be imposed rather than a suspension.

Among the mitigating factors we have considered is Gell's decision to request voluntary withdrawal from this Court's bar. In some cases, withdrawal from the bar has been viewed as an attempted evasive maneuver, a means by which an attorney can avoid disciplinary measures. *See, e.g.*, *In re Saghir*, 595 F.3d 472, 474 (2d Cir. 2010) ("Just as an attorney who practices in this Court may not evade this Court's disciplinary authority by failing to first become a member of this Court's bar, an attorney likewise may not evade that disciplinary authority through strategic withdrawal after disciplinary proceedings have commenced." (internal citation omitted)). In the present case, we view Gell's request as a remedial measure that reduces her caseload and refocuses her practice in a forum in which she is more comfortable, the administrative immigration courts.[2]

We also accord significant weight to the character and fitness testimony provided by two retired immigration judges, which the Committee found "unusually compelling" and "particularly strong." Report at 1, 12, 14; *see* Hearing Transcript at 64-95 (testimony of character and fitness witnesses).

Upon due consideration of the Committee's report, the underlying record, and Gell's response to the report, we adopt the Committee's findings and recommendations, as supplemented by the above

---

[2] One might conclude that, as a practical matter, withdrawal moots the issue of whether a suspension is appropriate. However, since leave of the Court is required before an attorney may withdraw during a disciplinary proceeding, we do not see this as a moot issue in the present case.

discussion, and publicly reprimand Gell. However, in reaching this conclusion, we express no opinion about Gell's conduct before the immigration agency; the public reprimand we impose is based on her misconduct in this Court alone.

### III. Request for Leave to Withdraw from the Court's Bar

As suggested above, Gell stated during the Committee's proceedings and in her response to the Committee's report that she wished to voluntarily withdraw from this Court's bar and to refocus her practice on representing clients at the agency level. *See, e.g.*, Report at 1, 3, 14; Response at 1, 5-6. We construe those statements as a motion to this panel for leave to voluntarily withdraw from the Court's bar.

An attorney who is the subject of a disciplinary proceeding in this Court may resign from the Court's bar upon obtaining leave of the Court. *In re Saghir*, 595 F.3d at 473–74; *In re Yan Wang*, 389 F. App'x 2, 4 (2d Cir. 2010). For the reasons noted by the Committee, we grant Gell leave to withdraw. The circumstances are significantly different from those in *Saghir* and *In re Jaffe*, 585 F.3d 118 (2d Cir. 2009), where leave to withdraw was denied. Since we are publicly reprimanding Gell, she is not avoiding discipline by resigning from the Court's bar, and the public, the bar, and other courts and agencies are unlikely to be misled about the resolution of this disciplinary proceeding. *See In re Warburgh*, 644 F.3d 173, 182 (2d Cir. 2011) (granting leave to withdraw from bar; discussing relevant factors); *Yan Wang*, 389 F. App'x at 4 (same); *cf. Jaffe*, 585 F.3d at 125 (denying leave).

### IV. Notice to Public and Other Courts

The Clerk of Court is directed to release this decision to the public by posting it on this Court's web site and providing copies to the public in the same manner as all other unpublished decisions of

this Court.  Copies are to be served on Gell and to all courts and jurisdictions to which this Court distributes disciplinary decisions in the ordinary course.[3]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[3]  Because the Committee's report and other documents in the record disclose medical and other personal information, the report and remainder of the record will remain confidential.  However, counsel to this panel is authorized to provide, upon request, all documents from the record of this proceeding to other courts and attorney disciplinary authorities.  While we request that those documents remain confidential to the extent circumstances allow, we of course leave to the discretion of those other courts and disciplinary authorities the decision of whether specific documents, or portions of documents, should be made available to any person or the public.