06-2480-ag
Bennett v. Mukasey

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term 2007

Submitted: May 6, 2008                    Decided: May 12, 2008

Docket No. 06-2480-ag

- - - - - - - - - - - - - - - -
RIZLAND BENNETT,
        Petitioner,

            v.

MICHAEL B. MUKASEY, United
States Attorney General,
        Respondent.
- - - - - - - - - - - - - - - -

Before: NEWMAN, <u>Circuit Judge</u>, in Chambers.

    Motion to recall a mandate and reinstate a petition for review of a decision of the Board of Immigration Appeals that had been dismissed one year ago for the failure of petitioner's attorney to comply with Court's procedural requirements. Attorney, who had accepted a partial fee under a retainer agreement, reports that he failed to comply and did not promptly file a motion to reinstate because he had not received additional fee payment.

    Motion granted, deadline for petitioner's brief established, and file transmitted to Court's Grievance Panel.

                    Douglas Rosenthal, The Rosenthal Law
                      Firm, P.C., New York, N.Y., submitted
                      papers on behalf of Petitioner.

William C. Minick, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., submitted papers on behalf of Respondent.

JON O. NEWMAN, <u>Circuit Judge</u>, in Chambers:

This motion to recall a mandate and reinstate a petition for review of a decision of the Board of Immigration Appeals ("BIA") merits this brief chambers opinion to make clear that a lawyer's practice of accepting an initial retainer fee and then deliberately failing to take required action because of non-payment of additional fees, thereby permitting his client's petition to be dismissed, is unacceptable.

On May 26, 2006, Attorney Douglas Rosenthal filed a petition in this Court for Rizland Bennett to review a BIA decision denying Bennett's petition to reopen removal proceedings in order to seek adjustment of status based on his marriage to a United States citizen. Before the Immigration Court, the Government had declined to oppose his motion to reopen at the agency level. On June 6, 2006, a deputy clerk of this Court reminded Rosenthal by telephone of the Court's requirement to file, within ten days of a petition for review, the standard informational form (Local Form C-A) for agency appeals. <u>See</u> 28 U.S.C.A., Second Circuit Local Rules, App., Part C (Civil Appeals Management Plan ¶3(a)). Rosenthal stated that he would file the required form. Upon Rosenthal's failure to do so, the petition was

-2-

dismissed nearly a year later on April 7, 2007, and a mandate was issued.

On April 11, 2008, after passage of yet another year, Rosenthal filed a motion to reinstate the petition, which implicitly included a request to recall the mandate. Rosenthal alleged that the one-year delay in seeking reinstatement was due to "a lack of co-operativeness on the part of the petitioner." No explanation was given for the prior nearly one-year delay in complying with Court requirements that preceded the dismissal.

Treating the motion as a one-judge procedural motion, See Fed. R. App. P. 27(c); 2d Cir. R. 27(f), I denied it on April 21, 2008, "without prejudice to a further submission, within ten days, explaining in detail the alleged 'lack of cooperativeness' between counsel and petitioner, including whether such lack concerned payment of, or liability for, counsel fees . . . ."

On May 7, 2008 (two days late, see Fed. R. App. P. 26), Rosenthal filed his response. He reported that in May 2006, he met with Bennett and that "[t]erms for . . . retention were discussed, and agreed upon and a modest retainer fee was paid." "Thereafter," the response continued, "as uncomfortable as it is to relate, Petitioner demonstrated a lack of cooperativeness with counsel by failing to pay as agreed upon . . ., and a letter sent to Petitioner advising him of the situation and the need to bring the outstanding balance to date

-3-

went without response." "In late 2007 or early 2008," the response further continued, "Counsel received a call from Petitioner inquiring as to the status of the case, and was advised accordingly. A further promise to pay was forthcoming, but full payment on that promise was not received until March, 2008. The instant motion ensued."

By his own admission, Rosenthal evidently believes that a retainer agreement and initial payment for an appeal imposes upon counsel no obligation to pursue the appeal, that required steps may await further payment, and that a client's appeal may be permitted to be defaulted and dismissed for lack of such further payment. The Lawyer's Code of Professional Responsibility, as adopted by the New York State Bar Association ("NY Code"), makes clear that Rosenthal is incorrect. It provides: "Full availability of legal counsel requires both that persons be able to obtain counsel and that <u>lawyers who undertake representation complete the work involved</u>." NY Code, EC 2-31 (emphasis added). Moreover, "[a] lawyer shall not . . . [n]eglect a legal matter entrusted to the lawyer," <u>id.</u>, DR 6-101(A)(3)," and "shall not intentionally . . . [f]ail to carry out a contract of employment entered into with a client for professional services [or] . . . prejudice or damage the client during the course of the professional relationship," <u>id.</u>, DR 7-101(A)(2), (3).

Although the Code indicates that a lawyer may withdraw if his client "[d]eliberately disregards an agreement or obligation to the

-4-

lawyer as to expenses or fees," id., DR 2-110(C)(1)(f), we have stated that "[n]on-payment of legal fees, without more, is not usually a sufficient basis to permit an attorney to withdraw from representation." United States v. Parker, 439 F.3d 81, 104 (2d Cir. 2006). In any event, withdrawal requires compliance with several obligations to the client,[1] and Rosenthal made no attempt to withdraw, much less to comply with withdrawal obligations.

Instead, despite a retainer agreement and acceptance of an initial fee payment, he neglected his obligations to his client and permitted his client's appeal to be defaulted and dismissed. Of course, a retained lawyer can either pursue contractual remedies to collect unpaid fees or seek leave to withdraw, but he cannot abandon his client for lack of a promised payment nor neglect his professional responsibilities until such payment has been made.

The Government opposes the pending motion to reinstate,

---

[1]A lawyer shall not withdraw from employment until the lawyer has taken steps to the extent reasonably practicable to avoid foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled, and complying with applicable laws and rules. NY Code, DR 2-110(A)(2).

contending, not without justification, that Rosenthal has not made the showing of "manifest injustice" normally required to warrant recall of a mandate "to relieve litigants of the consequences of default." See Fed. R. App. P. 2 advisory committee's note; Calloway v. Marvel Entertainment Group, 854 F.2d 1452, 1475 (2d Cir. 1988). However, at least in a case where the Government initially declined to oppose the relief sought at the administrative level, it seems unfair to penalize the client because of his lawyer's conduct. Denial of reinstatement would be an inappropriate sanction for what has occurred.

Accordingly, it is hereby ORDERED that the mandate is recalled, the petition is reinstated, the Petitioner's brief shall be filed in 30 days, with no extension to be expected, a scheduling order for the Respondent's brief shall be issued upon the filing of the Petitioner's brief, and the Clerk shall transmit a copy of the file to the Grievance Panel[2] of this Court for such action, if any, as it deems appropriate.

---

[2] See Rules of the Committee on Admissions and Grievances for the United States Court of Appeals for the Second Circuit 2(a).

-6-