10-90021-am
In re David Yan

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION: "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of August, two thousand ten.

PRESENT:
        José A. Cabranes,
        Robert D. Sack,
        Richard C. Wesley,
            *Circuit Judges.*

_____

| | |
|---|---|
| In re David Yan, | 10-90021-am |
|         Attorney. | **ORDER OF GRIEVANCE PANEL** |

_____

For David Yan:        David Yan, Esq., Flushing, New York

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that David Yan is PUBLICLY REPRIMANDED for engaging in conduct unbecoming a member of the bar, and DIRECTED to comply with the continuing legal education ("CLE") requirements described below.

Yan was referred to this panel based on his conduct in *Xie Qin Ye v. Mukasey*, 08-0334-ag, which was dismissed after he twice defaulted on this Court's scheduling orders. Yan's first default occurred in May 2008, when he failed to file his brief by the deadline set by this Court pursuant to Yan's request for an extension. *See* 08-0334-ag, order granting extension, filed 4/11/08. Thereafter, this Court ordered Yan to show cause why the appeal should not be dismissed based on that default. *See id.,* order filed 7/14/08. One day after the deadline for a response, Yan filed a second motion for an extension, which this Court granted. *See id.,* motion filed 7/29/08, order filed 8/8/08. However, the Court warned that no additional extension motions would be entertained and that the appeal would be dismissed without further notice if the brief was not filed by the new deadline. *See id.,* order filed 8/8/08. In September 2008, the appeal was dismissed due to Yan's failure to file a brief. *See id.,* order filed 9/23/08.

In March 2009, the petitioner, represented by new counsel, moved this Court for reinstatement of the appeal, alleging, *inter alia*, that she had paid Yan a retainer of $1,000 for the appeal, that no further money was due until "the appeal was granted," that the default dismissal was the result of Yan's ineffective assistance of counsel, and that the petitioner would suffer irreparable harm if the appeal were not reinstated. *See id.,* motion filed 3/19/09, and attachments. This Court denied

2

the motion for reinstatement, finding that the petitioner had failed to make a showing of manifest injustice. *See id.*, entry at 4/6/09.

A review of the eight other cases in this Court in which Yan was counsel of record revealed that three of those cases were dismissed based on Yan's default. In both *Haitao Zeng v. Mukasey*, 09-0113-ag, and *Xuefeng Wang v. Mukasey*, 08-2129-ag, Yang failed to file briefs or respond to this Court's orders to show cause why the appeals should not be dismissed based on his defaults. As a result, both appeals were dismissed. *See Haitao Zeng*, 09-0113-ag, order filed 6/22/09; *Xuefeng Wang*, 08-2129-ag, order filed 12/24/08. Additionally, in *Xuefeng Wang*, Yan filed a motion for an extension six days after the deadline for a response to the Court's order to show cause; however, the case had already been dismissed. *See Xuefeng Wang*, 08-2129-ag, motion received 12/24/08. Although Yan was told that a motion to reinstate the appeal was required, and Yan stated that he would file one, no such motion was received by the Court. In *Yun Xuan Jia v. U.S. Citizenship & Immigration Service*, 04-3239-ag, Yan defaulted twice on this Court's briefing orders, resulting in dismissal on the second occasion; however, the Court later granted Yan's motion for reinstatement. *See* 04-3239-ag, orders filed 12/16/05, 4/7/06, 4/21/06, 5/5/06.

In addition to the above-noted default dismissals, Yan failed to respond to the Government's motions to dismiss the petitions for review in both *Zhongping Yu v. Mukasey*, 08-3452-

3

ag, and *Baogang Wang v. Holder*, 09-2210-ag. In *Zhongping Yu*, the motion to dismiss was granted. *See* 08-3452-ag, order filed 1/14/09. In *Baogang Wang*, this Court's records indicate that Yan informed the case manager in June 2009 that a response would be filed, but failed to do so; the motion remains pending.

By order filed in February 2010, this Court directed Yan to show cause why he should not be subject to disciplinary or other corrective measures based on the conduct described above. The order also directed Yan to provide this Court with additional information regarding his disciplinary and litigation history, and to list "all cases in this Court in which he is, or was, counsel of record or performing legal services for any litigant." In his response to the February 2010 order, Yan discusses *Xie Qin Ye* in detail, but provides only sketchy information about the remaining cases. We find Yan's response inadequate for the following reasons.

**I. Clients' Failure to Pay Fees in *Xie Qin Ye* and *Haitao Zeng***

Regarding *Xie Qin Ye*, Yan alleges that, although Xie Qin Ye had paid an initial fee of $1,000, leading him to file the petition for review, she failed to pay him the remaining $2,000 required for the writing of the brief. April 2010 Response at ¶¶ 9-13. As a result, Yan did not file a brief, causing the case to be dismissed on default. *Id.* at ¶ 14. According to Yan, Xie Qin Ye then asked him to request reinstatement of the case, which he declined to do, having determined that her case had no realistic chance of success. *Id.* at ¶¶ 17-19. Yan

4

states that discipline should not be imposed because the default dismissal "was caused by Ms. Ye's action and Ms. Ye knew the status of her case and realistic chance of the success of her case." *Id.* at ¶ 20.

*Haitao Zeng* may be another instance where Yan permitted the case to be dismissed on default as a result of nonpayment of legal fees. Specifically, Yan states that "Haitao Zeng decided not to continue after dodg[ing] the call from [Yan's] office regarding the payment of the legal fee." *Id.* at 4, ¶ 1. Yan also appears to allege that Haitao Zeng had decided to remarry his ex-wife, who had been granted asylum, rather than continue with the case pending in this Court. *Id.* Although Yan's explanation is unclear, we conclude that he is claiming either that Haitao Zeng explicitly decided to not pursue the case in this Court or that Yan inferred such a decision when Haitao Zeng failed to pay the legal fees. However, with regard to both *Haitao Zeng* and *Xie Qin Ye*, Yan fails to explain why he did not move to withdraw as counsel based on the failure to pay legal fees or, if applicable, his client's decision to not proceed. He also fails to explain why he did not respond to this Court's order in *Haitao Zeng* that required him to file either a brief or a motion for an extension of time to file a brief. *See Haitao Zeng*, 09-0113-ag, order filed 6/1/09.

As noted by Judge Newman of this Court, "a lawyer's practice of accepting an initial retainer fee and then deliberately failing to take required action because of non-

5

payment of additional fees, thereby permitting his client's petition to be dismissed, is unacceptable." *Bennett v. Mukasey*, 525 F.3d 222, 223 (2d Cir. 2008). "[A] retained lawyer can either pursue contractual remedies to collect unpaid fees or seek leave to withdraw, but he cannot abandon his client for lack of a promised payment nor neglect his professional responsibilities until such payment has been made." *Id.* at 224. Furthermore, if it is unclear whether a client wishes to proceed, an attorney may, depending on the circumstances, request: an extension of time to file his brief, a stay of the appeal, withdrawal as counsel, withdrawal of the appeal, or advice from the Court. Yan's failure to take any of the preceding actions was a disservice to his clients, this Court, and the public.

## II. Other Defaults and Inadequate Response to This Panel's February 2010 Order

Yan's remarks concerning the remaining cases are largely non-responsive. Regarding *Xuefeng Wang*, Yan does not explicitly address his failure to file a brief or a reinstatement motion, or his statement to the Clerk's Office that he would do so. Instead, Yan merely states that Wang and his wife were divorced after Yan filed the petition for review and that Wang was "going to marry ... someone to reopen his case," April 2010 Response, at 4, ¶ 2, without explaining the significance of that information. However, Yan may have intended to convey that his

6

client wished to pursue other possible relief in lieu of continuing in this Court.

Regarding *Yun Xuan Jia*, where Yan defaulted twice on this Court's briefing orders, he states, without further explanation, that there was a mistake regarding the docket number when he submitted the brief, which resulted in the case's dismissal, and that the "brief was already filed." *Id.* at ¶ 3. However, Yan did not explain his first default and, after the second default, his motion to reinstate made no reference to a docket number mistake; instead, Yan stated only that he was busy advising clients on tax matters and was handling two jury trials at the time, which caused him to miss the last filing deadline. *See* 04-3239-ag, motion filed 5/5/2006.

Regarding *Zhongping Yu*, where this Court granted the Government's unopposed motion to dismiss, Yan offers no explicit explanation for not filing opposition papers, and states only that there was unspecified "confusion about this case," and that the petition for review "was not based on the BIA's final order of removal." April 2010 Response at 5, ¶ 5. Although this suggests that Yan agreed with the government's position in its motion, *see* 08-3452-ag, motion filed 7/21/08, it does not explain his failure to respond to that motion at all or to take other appropriate action.

Regarding *Baogang Wang*, Yan alleges that his client unsuccessfully pursued alternative relief (through his wife's

7

asylum application), that the client informed Yan that he was still interested in having Yan file the brief in this Court, and that Yan intended to request leave to file a late brief. April 2010 Response*,* at 5, ¶ 6. However, as of the date of this order, Yan has not filed anything further in the case. *See* 09-2210-ag.

Finally, Yan also failed to list "all cases in this Court in which he is, or was, counsel of record or performing legal services for any litigant," as required by our February 2010 order, since he did not note his representation of the appellants in *Marvel Enterprises v. Toy Season, Inc.*, 07-1064-cv. Even if Yan was replaced by another attorney in that case (which is unclear, since no substitution papers were filed), our order required the case to be listed.

**III.   Conclusions**

Since Yan's response to our February 2010 order is unclear in many respects, it is difficult to conclude whether his defaults in the cases discussed above were all intentional – based on his clients' failure to pay fees or desire to pursue other remedies – or whether some defaults were inadvertent. To the extent they were intentional, we advise Yan that an appellant's counsel of record who determines that the appeal will not proceed for any reason is required to inform the Court of the situation and seek to either withdraw the appeal or withdraw as counsel. Counsel of record may not end the

representation of a client without taking affirmative action, or end an appeal by allowing its dismissal for lack of prosecution.

Upon due consideration of Yan's defaults in the cases discussed above, his failure to respond to orders of this Court and dispositive motions, and his failure to properly respond to the February 2010 order, it is hereby ORDERED that Yan is PUBLICLY REPRIMANDED and DIRECTED to attend, within six months of the filing date of this order, CLE programs covering federal appellate practice and appellate writing.[1]

Yan must disclose this order to all clients in cases currently pending in this Court and to all courts and bars of which he is currently a member, and as required by any bar or court rule or order. Yan also must, within fourteen days of the filing of this order, file an affidavit with this Court confirming that he has complied with the preceding disclosure requirement. Furthermore, the Clerk of Court is directed to release this order to the public by posting it on this Court's web site and providing copies to members of the public in the same manner as all other unpublished decisions of this Court,

---

[1] The CLE courses must be approved by this Court's Committee on Admissions and Grievances, which will determine the requisite number of hours for each subject matter once Yan provides information about the proposed CLE courses. Yan may submit that information to the Court, which will forward it to the Committee. Yan must certify his completion of the required CLE programs by sworn statement filed with both this panel and the Committee's secretary no later than seven days after the end of the six-month period. The Committee may modify this deadline, either on motion or sua sponte.

and to serve a copy on Yan, this Court's Committee on Admissions and Grievances, the attorney disciplinary committee for the New York State Appellate Division, Second Department, the attorney grievance committees for the United States District Courts for the Southern and Eastern Districts of New York, and all other courts and jurisdictions to which this Court distributes disciplinary decisions in the ordinary course.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:  Michael Zachary
Counsel to the Grievance Panel