*65 OPINION OF THE COURT
Per Curiam.
The United States Court of Appeals for the Second Circuit (hereinafter the Second Circuit), by order filed August 10, 2010 (390 Fed Appx 18 [2010]), publicly reprimanded the respondent for engaging in conduct unbecoming of a member of the bar, and directed him to comply with various continuing legal education (hereinafter CLE) requirements.
The respondent was referred to the Grievance Panel of the United States Court of Appeals for the Second Circuit (hereinafter the Grievance Panel) based on his conduct in litigating an action pending in that court entitled Xie Qin Ye v Mukasey (08-0334-ag), which was dismissed after he twice defaulted on that court’s scheduling orders. A review by the Grievance Panel of eight other cases in the Second Circuit in which the respondent was counsel of record revealed that three of those cases were dismissed based on the respondent’s default. In addition to the default dismissals, the respondent failed to respond to motions to dismiss petitions for review in two other cases. In one case, the motion to dismiss was granted. In the second case, the respondent advised the case manager that he would file a response, but he failed to do so; the motion remained pending as of August 10, 2010.
By order filed February 2010, the Grievance Panel directed the respondent to show cause why he should not be subject to discipline or other corrective measures based on the above conduct. In his response, the respondent discussed Xie Qin Ye in detail, but provided “sketchy” information regarding the remaining cases. The Grievance Panel found the respondent’s response to be inadequate. The Grievance Panel further found, with respect to one or more of the cases, that the respondent’s failure to take appropriate action in the form of a request for an extension of time to file a brief, a stay of the appeal, withdrawal as counsel, withdrawal of the appeal, or advice from the court, was a disservice to his clients, the court, and the public. The Grievance Panel concluded as follows:
“Since Yan’s response to our February 2010 order is unclear in many respects, it is difficult to conclude whether his defaults in the cases discussed above were all intentional — based on his clients’ failure to pay fees or desire to pursue other remedies — or whether some defaults were inadvertent. To the *66 extent they were intentional, we advise Yan that an appellant’s counsel of record who determines that the appeal will not proceed for any reason is required to inform the Court of the situation and seek to either withdraw the appeal or withdraw as counsel. Counsel of record may not end the representation of a client without taking affirmative action, or end an appeal by allowing its dismissal for lack of prosecution.” (390 Fed Appx at 21.)
By order filed August 10, 2010, the Second Circuit publicly reprimanded the respondent and directed him to attend CLE programs covering federal appellate practice and appellate writing.
The instant notice by the petitioner, the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts (hereinafter the Grievance Committee), pursuant to 22 NYCRR 691.3 to discipline the respondent was served via first class mail on the respondent on July 15, 2011. Although the respondent was granted an extension of time until August 26, 2011, to file a response, he failed to submit a verified statement setting forth any of the enumerated defenses in 22 NYCRR 691.3 (c). Accordingly, there is no impediment at this juncture to the imposition of reciprocal discipline.
Inasmuch as the respondent asserted no defenses to the imposition of reciprocal discipline, the application of the Grievance Committee for the imposition of reciprocal discipline is granted and the respondent is publicly censured based upon his public reprimand by the Second Circuit.
Rivera, J.P., Skelos, Dillon, Angiolillo and Florio, JJ., concur.
Ordered that the petitioner’s application to impose reciprocal discipline is granted; and it is further,
Ordered that pursuant to 22 NYCRR 691.3, the respondent is publicly censured for his professional misconduct.