10-521-cr
United States v. Vilar

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term 2013

Submitted: Sept. 12, 2013      Decided: October 1, 2013

Docket Nos. 10-521(L), 10-580(con) (only)

- - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,
            Appellee,

            v.

ALBERTO VILAR and GARY ALAN TANAKA,
            Defendants-Appellants.

- - - - - - - - - - - - - - - - - - - - - - - - - -

Before: NEWMAN, CABRANES, and STRAUB, <u>Circuit Judges</u>.

Motion by counsel for Defendant-Appellant Vilar seeking to have counsel appointed for Defendant-Appellant Tanaka under the Criminal Justice Act and permission for retained counsel for Tanaka to withdraw.

Motion denied, without prejudice to renewal by retained counsel for Tanaka.

Vivian Shevitz, South Salem, NY, purporting to act for Defendant-Appellant Tanaka.

Per Curiam:

Pending before us is a motion filed by Atty. Vivian Shevitz attempting to obtain relief on behalf of Appellant Gary Alan Tanaka. The motion seeks appointment of counsel from this Court's Criminal Justice Act ("CJA") Panel for Tanaka, suggests the name of a particular lawyer who is a member of that Panel, and also requests that Tanaka's retained counsel of record be permitted to withdraw. Tanaka and Alberto Vilar are the Appellants in a criminal appeal, No. 10-521. We have affirmed their convictions, see United States v. Vilar, No. 10-521, 2013 WL 4608948 (2d Cir. Aug. 30, 2013), and on Sept. 11, 2013, we granted a motion to extend the time to file a petition for rehearing until Oct. 13, 2013. Also before us is a letter from one of Tanaka's retained counsel, seeking to "be relieved as counsel."

At the outset, we have a concern as to the authority of Atty. Shevitz to seek the requested relief on behalf of Tanaka. Throughout the pending appeal, Shevitz has represented Vilar, and Attys. Alan Dershowitz, Nathan Dershowitz, and Victoria Eiger have represented Tanaka.[1]

---

[1] On May 10, 2010, a stipulation substituting Nathan Dershowitz, Esq. for Glenn Colton, Esq. (who represented Tanaka at trial) was "so ordered." On May 11, 2010, Nathan Dershowitz filed a Notice of Appearance for Tanaka,

Shevitz's participation on behalf of Tanaka began on Sept. 17, 2012, when she attempted to file a Notice of Appearance as additional counsel for Tanaka. That Appearance was rejected by the Clerk's Office because the form was blank. Also on Sept. 17, 2012, Atty. Shevitz filed a motion for bail pending appeal for both Vilar and Tanaka. In a declaration supporting that motion, she stated that she is "CJA counsel to Alberto Vilar and Gary Tanaka." Neither the docket of the District Court nor this Court reflects any appointment of Shevitz as CJA counsel for Tanaka.[2] Later on Sept. 17, 2012, Shevitz filed another Notice of Appearance as additional counsel for Tanaka; this form was properly filled out.

On Sept. 25, 2012, Shevitz filed another Notice of Appearance as additional counsel for Tanaka. That Appearance

_____

identifying his firm as Dershowitz Eiger & Adelson, P.C. Also on May 11, 2010, Atty. Victoria B. Eiger filed a Notice of Appearance as additional counsel for Tanaka.

On Sept. 28, 2011, a brief was filed for Tanaka, listing Atty. Alan Dershowitz as "of counsel." On July 10, 2012, Alan Dershowitz filed a Notice of Appearance as additional counsel for Tanaka and on August, 21, 2012, argued the appeal for Tanaka.

[2] In two other cases, Tanaka and Vilar were granted leave to proceed in forma pauperis for purposes of filing mandamus petitions. See Vilar v. United States, No. 13-2527, In re Vilar and Tanaka, No. 13-2550 (2d Cir. Aug. 21, 2013).

stated that she appeared as additional counsel for Tanaka "for purposes of bail application only."

On Sept. 28, 2012, Shevitz wrote to this Court requesting a prompt decision of her bail motion. That letter stated that she represented "Alberto Vilar and (for bail) Gary Tanaka." This Court granted the motion for bail pending appeal on Oct. 2, 2012.

On Oct. 5, 2012, Shevitz filed a motion to modify the conditions of bail for Tanaka pending appeal, which had been set by the District Court following our bail ruling. She stated that she is counsel to Vilar "and (for bail) Gary Tanaka in this Court." On Oct. 11, 2012, this Court denied the motion to modify, with certain qualifications not relevant to the pending matter.

On Sept. 5, 2013, Shevitz filed a motion on behalf of Vilar and Tanaka to extend the time for filing a petition for rehearing until October 13, 2013, and for a stay of mandate. In her motion papers, she represented that she is counsel for Vilar "on this appeal" and counsel for Tanaka "for some matters on this appeal."

On Sept. 9, 2013, Shevitz filed the motion, now pending before us, on behalf of Tanaka "for appointment of separate CJA counsel for further proceedings on this appeal."

4

On this motion, she represented that she "served as counsel to Gary Tanaka for purposes of a motion for an extension of time to file a rehearing petition and for a Stay of mandate." With respect to Tanaka's retained appellate counsel, she represented the following:

> Appellate counsel for Mr. TANAKA (Dershowitz Eiger & Adelson, retained) have told Mr. Tanaka that they are not continuing on the case without fees. They have told Mr. Tanaka they will share ideas but that he owes them for prior expenses as well. Mr. Tanaka consents to the withdrawal of Dershowitz and Eiger as he cannot pay them.

Motion, No. 10-521, Dkt. #539, ¶ 5.

On Sept. 11, 2013, this Court granted the motion to extend the time to file a petition for rehearing until Oct. 11, 2013, and to stay the mandate.

Also on Sept. 11, 2013, the Court received a letter from Atty. Eiger, apparently in response to a telephone call from a case manager in the Clerk's Office. The letter stated:

> We consent to the application made by Vivian Shevitz for appointment of CJA counsel for Gary Tanaka, for whom we have served as counsel of record, and ask that, if the application is granted, we be relieved as counsel.

Letter from Victoria Eiger to Clerk of Court (Sept. 11, 2013).

5

## Discussion

We do not believe that Atty. Shevitz has authority to seek any relief with respect to representation of Tanaka. Although her Sept. 25, 2012, Notice of Appearance for Tanaka stated no limitation, her motion for bail pending appeal, filed the same day, limited that Appearance by stating that she appeared for Tanaka "only for purposes of bail application (bail pending appeal)." Thereafter, on Oct. 5, 2012, she again stated that she represented Tanaka for bail pending appeal. On Sept. 5, 2013, she stated that she represents Tanaka "for some matters on this appeal," without clarification. On Sept. 9, 2013, she stated that she represents Tanaka for purposes of seeking an extension of time for a petition for rehearing and a stay of the mandate.

These variously limited formulations of Shevitz's role on behalf of Tanaka do not include any authority over his representation for whatever matters remain in connection with this appeal. Nor is Atty. Eiger's letter of Sept. 11, 2013, asking that "we" (not identified) be "relieved as counsel" sufficient to permit the abandonment of their client by Tanaka's three retained counsel who have filed unrestricted appearances to represent him.

In the first place, permission to withdraw as counsel should be made by a motion, not by a letter. See Fed. R. App. P. ("FRAP") 27(a) ("An application for an order or other relief is made by motion unless these rules prescribe another form."); see also 2d Cir. R. 4.1(d) (requiring motion to withdraw), id. 27.1 (specifying form of motions).

Second, counsel in a criminal case "is responsible for representing the defendant unless relieved by this court." 2d Cir. R. 4.1(a). "Full availability of legal counsel requires . . . that lawyers who undertake representation complete the work involved." Lawyer's Code of Professional Responsibility, adopted by New York State Bar Association ("NY Code"), EC 2-31. Although the Code indicates that a lawyer may withdraw if his client "[d]eliberately disregards an agreement or obligation to the lawyer as to expenses or fees," id., DR 2-110(c)(1)(f), we have stated that "[n]on-payment of legal fees, without more, is not usually a sufficient basis to permit an attorney to withdraw from representation," United States v. Parker, 439 F.3d 81, 104 (2d Cir. 2006). See Bennett v. Mukasey, 525 F.3d 222, 224 (2d Cir. 2008) (Newman J., chambers opinion).

Third, a request to withdraw as counsel after briefing and oral argument have been completed and an opinion has been

issued is unusual.  Preparing a petition for rehearing is usually not an extensive task and would often be within the scope of retention for appellate representation.[3]

Fourth, under the circumstances, a motion to withdraw at this late stage of the appeal on the ground of nonpayment of fees should set forth the terms of the retainer agreement, if one was executed, or any other understanding with respect to fees, as well as the amount of fees already paid and the amount of fees sought for remaining work.

Unless and until a proper motion by all counsel of record to withdraw from further representation of Tanaka is filed and adjudicated, any request to appoint CJA counsel for Tanaka is premature.  We note, however, that, in the event a proper request for CJA counsel is made, two considerations must be observed.  First, an application to proceed in forma pauperis on appeal must be accompanied by an affidavit of indigency. See FRAP 24; 2d Cir. R. Appx. A, Part A, § IV(b).  Second, "no CJA applicant or CJA client will be permitted to select his or her own attorney from the Panel or otherwise . . . ." Id., § VII(A).

---

[3] See also 2d Cir. R. 4.1(c) (motion to be relieved of obligation to file a petition for a writ of certiorari with the U.S. Supreme Court).

Accordingly, the motion filed by Atty. Shevitz seeking to have a particular lawyer from the CJA Panel appointed to represent Tanaka and to permit Tanaka's retained counsel to withdraw is DENIED, without prejudice to renewal by any of Tanaka's retained counsel submitted by a proper motion in light of this opinion.